## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

KENTA RUHUMBIKA,

          Plaintiff,

vs.

DELTA FIRST AMERICA
TRANSIT/TRANSDEV,

          Defendant.

Case No.

Hon.

Hon. Mag.

---

Kenta Ruhumbika
kentahawkins@yahoo.com
714 Natures Cove Court
Wixom, Michigan 48393
Telephone:  810.391.8432

*Plaintiff, Pro Se*

Jaclyn R. Giffen (P75316)
jgiffen@littler.com
Saniya Khare (P83020)
skhare@littler.com
LITTLER MENDELSON, P.C.
200 Renaissance Center
Suite 3110
Detroit, Michigan 48243
Telephone:  313.446.6400
Fax No.:      313.446.6405

*Attorneys for Defendant*

---

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, First Transit Inc., incorrectly identified in the caption as Delta First America Transit/Transdev, through undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, hereby removes Case No. 23-008375-CD from the Circuit Court for the County of Wayne, State of Michigan, in which Court said cause is now pending, to the United States District Court for the Eastern District

of Michigan, Southern Division. As grounds for removal, Defendant states as follows:

1.      On or about June 29, 2023, Plaintiff Kenta Ruhumbika ("Plaintiff") filed a Complaint and Jury Demand, in the Circuit Court for the County of Wayne, State of Michigan, styled *Kenta Ruhumbika v. Delta First America Transit*,[1] Case No. 23-008375-CD (the "State Court Action").

2.      Service of a Summons and Complaint ("Compl.") by certified mail was effected upon Defendant's registered agent on July 5, 2022, copies of which are attached hereto as Exhibit 1.

3.      Exhibit 1 constitute all process, pleadings, and orders served upon Defendant in this action.

4.      The Complaint purports to assert several causes of action against Defendant including violations of (1) Title 1 of the Americans with Disabilities Act (ADA), 42 U.S.C. §§12111-17 as amended; (2) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e et seq., and Title VII of the Civil Rights Act of 1991; (3) the Michigan Elliott-Larsen Civil Rights Act (ELCRA), MCL §37.2101 et seq.; (4) the Michigan Persons with Disabilities Civil Rights Act (PWDCRA), MCL §37.1101 et seq.; and (5) Michigan common law. *See* Compl. ¶¶ 1-2.

---

[1]   Plaintiff incorrectly identified Defendant as "Delta First America Transit/Transdev" in the case caption. The correct Defendant in this matter is First Transit Inc.

2

5.     The relief Plaintiff seeks includes, *inter alia*, lost wages, benefits, compensatory damages, costs, expenses, interest, attorney's fees, punitive and exemplary damages, reinstatement, and an injunction preventing other acts of wrongdoing, discrimination, or retaliation. *See* Compl, pp. 10-20.

6.     This action is one in which this Court has original jurisdiction under the provisions of Title 28, United States Code, Section 1331, and is one which may be removed to this Court by Defendant pursuant to the provisions of Title 28, United States Code, Sections 1441 and 1446 (federal question), in that it is an action of a civil nature arising under the laws of the United States for the following reasons:

a.     Plaintiff alleges in Count I of her Complaint that Defendant violated the Americans with Disabilities Act ("ADA"), and at paragraphs 47 to 50 details her ADA allegations, specifically that Plaintiff is a person with a disability whom Defendant allegedly failed to accommodate. *See* Compl. ¶¶ 47-50. At pages 10-11, Plaintiff sets forth the damages she seeks for the purported ADA violations.

b.     Plaintiff alleges in Counts III, V, VII, and VIII of her Complaint that Defendant violated the Title VII and 42 U.S.C. § 1981, and at paragraphs 66 to 73, 84 to 90, 92 to 98, and 100 to 102 details her Title VII and § 1981 allegations, specifically that Plaintiff was discriminated against due to her race and gender. *See* Compl. ¶¶ 66-73, 84-90, 92-98, 100-102. At page 15, 17-18, and 19-20, Plaintiff sets forth the damages she seeks for the purported Title VII and § 1981 violations.

4867-7054-9617.2 / 070993-1219

7.    This action is also one in which this Court has original jurisdiction under the provisions of Title 28, United States Code, Section 1332 (diversity), and is one which may be removed to this Court by Defendant pursuant to the provisions of Title 28, United States Code, Section 1441, in that it is an action of a civil nature wherein the alleged value of Plaintiff's claim is in excess of the amount of $75,000.00, exclusive of interest and costs, and is between citizens of different states, as more fully shown below:

a.    At the time such action was instituted in the Circuit Court for the County of Wayne in the State of Michigan, and at the present time, Plaintiff resides in and has been a citizen of Wixom, Michigan. *See* Compl, p. 20.

b.    At the time such action was commenced, and at the present time, First Transit was and is a Delaware corporation.

c.    For purposes of diversity jurisdiction, a corporation "shall be deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

d.    Term "principal place of business" in the federal diversity jurisdiction statute refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities, in other words the corporation's "nerve center"; in practice it should normally be the place where the corporation maintains

4

its headquarters, provided that the headquarters is the actual center of direction, control, and coordination, and not simply an office where the corporation holds its board meetings, for example, attended by directors and officers who have traveled there for the occasion. *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010).

   e. First Transit is a Delaware corporation and had its principal place of business in Ohio.

   f. Thus, First Transit is a citizen of both Ohio and Delaware.

   g. First Transit is not a citizen of Michigan, and therefore, complete diversity exists.

   h. In her Complaint, Plaintiff alleges the amount in controversy is $200,000. (Compl. ¶ 9; WHEREFORE paragraph at p. 20). The allegations set forth in the Complaint and the damages articulated therein make clear that Plaintiff is seeking damages well in excess of $75,000.

   i. Plaintiff's employment was terminated on or about April 22, 2022, and she alleges she was discriminated against on the basis of her race, sex, and disability. Plaintiff also alleges retaliation and violations of Michigan common law (Compl. ¶¶ 1-102).

   j. Plaintiff's unspecified injuries and damages include lost wages and benefits, attorneys' fees, and litigation costs. (Compl. WHEREFORE paragraph

4867-7054-9617.2 / 070993-1219

at p. 20). Upon information and belief[2], at the time her employment with Defendant ended on April 22, 2022, she was being paid on or about $19.47 per hour, or approximately $40,498 annualized based on an expected 52 weeks worked per year. Thus, Plaintiff has accrued approximately $47,248 in potential back pay damages since her employment ended, and her lost earnings continue to accrue at a rate of approximately $3,374.83 per month.

        k.      The latest available statistics from the Administrative Office of the United States Courts reflect that, for the twelve-month period ending March 31, 2023, the median interval from filing to trial in civil cases in which trials were completed in the Eastern District of Michigan was 48.4 months.[3] As such, should this case proceed to trial on or about July 2027, Plaintiff's alleged lost wages will total approximately $163,342.

        l.      In addition, Plaintiff has sought compensatory damages which include emotional distress damages. Taking Plaintiff's claims for lost wages and benefits and emotional distress damages together, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and thus the amount

---

[2] Defendant is still investigating Plaintiff's precise rate of pay and hours of work at the time of termination, the foregoing figures are meant to be rough estimates.

[3] See Table T-3—U.S. District Courts–Trials Federal Judicial Caseload Statistics (March 31, 2023) https://www.uscourts.gov/statistics/table/t-3/federal-judicial-caseload-statistics/2023/03/31

4867-7054-9617.2 / 070993-1219

in controversy requirement is satisfied. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572-73 (6th Cir. 2001).

8.      Defendant's Notice of Removal is timely as it was filed within thirty (30) days of service of the Complaint on Defendant, pursuant to 28 U.S.C. § 1446(b).

9.      Pursuant to 28 U.S.C. § 1446(d), true and correct copies of this Notice of Removal have been served upon Plaintiff and Defendant has timely filed a copy of this Notice of Removal with the Clerk of Wayne County Circuit Court.

10.     By this Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction, or venue, or any other defenses or objections it may have to this action. Defendant intends no admission of fact, law, or liability by this Notice, and expressly reserves all defenses, motions and/or pleas.

Dated:  July 26, 2023                           */s/ Jaclyn R. Giffen*
                                                Jaclyn R. Giffen (P75316)
                                                LITTLER MENDELSON, P.C.
                                                200 Renaissance Center, Suite 3110
                                                Detroit, Michigan 48243
                                                (313) 202-3261
                                                jgiffen@littler.com
                                                *Attorneys for Defendant*

4867-7054-9617.2 / 070993-1219

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on July 26, 2023 via:

| | | | |
|---|---|---|---|
| X | U. S. Mail | _____ | Facsimile |
| X | ECF Filing | _____ | Hand Delivery |
| _____ | MiFile | _____ | Federal Express |

*/s/ Jaclyn Giffen*
Jaclyn Giffen

8

# EXHIBIT  A

Carla Keefe   6/29/2023 3:19 PM   WAYNE COUNTY CLERK   Cathy M. Garrett   IN MY OFFICE   FILED   23-008375-CD

# STATE OF MICHIGAN

## IN THE THIRD CIRCUIT COURT FOR THE COUNTY OF WAYNE
## EMPLOYMENT DISCRIMINATION

KENTA RUHUMBIKA,

     Plaintiff,                                Case No. CD-

     v.                                       Hon.

DELTA FIRST AMERICA TRANSIT/

TRANSDEV

     Defendant.

| | |
|---|---|
| KENTA RUHUMBIKA | DELTA FIRST AMERICA |
| Plaintiff (Pro se') | TRANSIT/ TRANSDEV |
| 714 Natures Cove Ct | 720 E. Butterfield Rd., Suite 300 |
| Wixom, Michigan 48393 | Lombard, IL 60148 |
| Ph: 810-391-8432 | 1 (800) 225-8880 |
| kentahawkins@yahoo.com | infoUS@transdev.com |

There is no other pending or resolved civil action arising out of the same
transaction or occurrence as alleged in this complaint.

## PLAINTIFF VERIFIED COMPLAINT AND JURY DEMAND
## ORAL ARGUMENT

NOW COMES Pro Se' Plaintiff, KENTA RUHUMBIKA, (Hereafter, Plaintiff or

Ruhumbika"), submits it verified complaint and jury demand and alleges the following:

1.   The Defendants FIRST TRANSIT / TRANSDEV, denied its employee Ruhumbika a African

    American female a reasonable work accommodation into one of the multiple vacant shuttle

    driver position on day shift whereas many positions was available, that cost the defendant's

    zero dollars and no hardship. Ruhumbika was also subjected to daily barrage of unwelcome

comments based on her race, sex, and disability and retaliated against for her complaints concerning the same.

2. This action involves claims which relate to the alleged violations of Federal and State Statues: Title I of the Americans with Disabilities Act (ADA) 42 U.S.C. § § 12111-17 as amended, which incorporates, through 42 U.S.C. § 12117(a), the powers, remedies, and procedures set forth in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ § 2000e et seq., and Title VII, Section 102 of the Civil Rights Act of 1991, as amended pursuant to 42 U.S.C. § 1981a. The Michigan Elliott-Larsen Civil Rights Act (ELCRA), Mich. Comp. Laws § 37.2101 et seq.; The Michigan Persons with Disabilities Civil Rights Act (PWDCRA), Mich. Comp. Laws §37.1101 et seq.; and Michigan common law.

## PARTIES

3. Defendant Transdev is a private operator and integrator of multiple modes of transportation who receive federal funding for its to procure zero-emission buses and has a workforce of approximately 19, 000 employees.

4. Defendant is an employer within the meaning of 42 U.S.C. § 12117(a), 42 U.S.C. § 12111(5), 42 U.S.C.§ § 2000e et seq., 42 U.S.C. § 1981a. and a covered entity within the meaning of 42 U.S.C. § 12111(2), 29 C.F.R. § 1630.2.(b), Mich. Comp. Laws § 37.2101et seq.; Mich. Comp. Laws §37.1101 et seq and 42 USC § 2000d-7,

5. Ruhumbika is an individual with a disability within the meaning 42 U.S.C. § 12102 and 29 C.F.R. § 1630.2., Mich. Comp. Laws § 37.2101et seq.; Mich. Comp. Laws §37.1101 et seq and 42 USC § 2000d-7 and at all times during this matter was an employee of the defendant.

## JURISDICTION and VENUE

6. This Court has jurisdiction over this action under 42 U.S.C. § 12117 (a) and 42 U.S.C. § 2000e-5(f), Section 703 of the Civil Rights Act of 1964 42 USC 2000e 2, Mich. Comp.

2

Laws § 37.2101et seq.; Mich. Comp. Laws §37.1101 et seq and MCL 600.8307.

7.  This court has the authority to grant a declaratory judgment pursuant to 28 U.S.C § § 2201 and 28 U.S.C § § 2202, and the authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117, Section 703 of the Civil Rights Act of 1964 42 USC 2000e 2, and MCL 600.8307,

8.  Venue is proper in this district under "MCL 600.6421(1) and 42 U.S.C. § 2000e-5(f) (3) because the Defendant's location is in this judicial district of Wayne County and the events and omissions giving rise to this action occurred in the judicial district of Wayne County.

9.  The amount in controversy exceeds Two hundred thousand dollars ($200, 000.00), exclusive of interest and costs.

10. Ruhumbika has exhausted all of its administrative remedies,

    a.  On Friday March 31, 2023, the Equal Employment Opportunity Commission (EEOC) issued Ruhumbika a Notice of Sue Rights, after 180 days had passed, See 42 U.S.C. § 2000e-5(e)(1).

    b.  On Wednesday, April 7, 2023, Ruhumbika received its Notice of Sue Rights, and filed its complaint on June 28, 2023 with this State Court within ninety (90) days of receiving its Notice of Sue Rights.

    c.  Complaint, Notice of Sue Rights attached hereto the complaint as Exhibit #1.

                                                    /s/ *Kenta Ruhumbika*

## FACTUAL ALLEGATIONS

11. Plaintiff/ Ruhumbika incorporates by reference paragraphs 1 through 10 of the complaint as though fully set forth herein.

12. On 11/26/2021, Ruhumbika started her career with Defendant First Transit.

13. Ruhumbika is an African American female that belongs to several protected classes, based

on her, Gender, ("Female"), Race, ("African American") and Disability ("neurological, musculoskeletal, physical disability "Spinal Stenosis" that affects her daily activities (e.g. walking).

14. Ruhumbika is person with a disability within the meaning of 42 U.S.C. § 12102 because she has a musculoskeletal and neurological disability Spinal Stenosis that substantially limit one or more major life activities (e.g. walking), 29 C.F.R. § 1630.2 (J)(3)(iii).

15. The Defendants regarded Ruhumbika as having a physical disability on December 1, 2021, when Ruhumbika was granted work accommodation as a full-time shuttle driver on day shift.

16. Ruhumbika was also regarded as having a physical disability on December 5, 2021, the Defendants issued new full time work assignments to each shuttle driver removing Ruhumbika, out of the day shift full time shuttle driver position due to her having a physical disability spinal stenosis 42 U.S.C. § 12102 (3)

17. Ruhumbika wasn't given a direct shift assignment, she was placed on the on-call list, based on her perceived impairment, without the defendants conducting any interactive process with her.

18. On or about February 14, 2022, Ruhumbika was also regarded as a person with a disability when Defendant manager Susan Humphrey, asked her to quit her employment with First Transit due to her physical walking disability "spinal stenosis." That's not related to whether or not she can perform the essential duties of a shuttle driver.

19. Ruhumbika, refused to quit her employment with First Transit,

20. Ruhumbika reported the daily disability, sex and racial discrimination to humane resource, Kristy Baccile ("HR Baccile") who failed to remedy the harassment / discrimination.

21. On or about February 15, 2022 Ruhumbika was removed completely from the defendants

4

work schedule due to her race and disability.

22. The Defendants treated other employees and staff members who did not have a disability and who are members of a different race and sex than Ruhumbika and whom are not part of a protected class under state and federal anti-discrimination laws, differently (better) than Ruhumbika.

23. The similarly situated Caucasian male shuttle drivers were given shift assignments not offered to Ruhumbika, due to her disability, race and sex.

24. Ruhumbika is certified through the state of Michigan to work as a shuttle driver.

25. During all relevant time periods when the Defendants removed Ruhumbika from the full time work schedule on December 5, 2021 and subsequently removed her completely off the work schedule on February 15, 2022, Ruhumbika was performing the essential job duties of the shuttle driver with no complaints.

26. During all relevant time periods Ruhumbika is and has been qualified to perform the essential function of a shuttle driver with or without reasonable work accommodation on day shift in one of the many vacant shuttle driver positions at First Transit.

27. On March 26, 2022, male shuttle driver Tim Dawkins resigns from First Transit leaving another shuttle driver position vacant on dayshift.

28. On March 30, 2022, Ruhumbika submitted a DISABILITY ACCOMMODATION REQUEST BY EMPLOYEE form CS-1668 to manager Susan Humphrey, and Kristy Baccile ("HR Baccile") for placement into a vacant dayshift shuttle driver position that cost the defendant absolutely zero dollars and no hardship.

29. Ruhumbika work accommodation request was denied once again without any interactive process as required by the defendant's accommodation policy.

5

30. The defendants left the shuttle driver position vacant for several months looking for other employee to fill the vacant position besides Ruhumbika due to her disability.

31. As a result of Ruhumbika multiple reasonable work accommodation requests for placement into a vacant dayshift shuttle driver position pursuant to 42 USC § 12101 and daily complaints of disability, racial, and gender discrimination and daily complaints of workplace harassment,

32. The defendants retaliated against Ruhumbika, based on her disability, race and gender which created a hostile work environment.

33. The daily discrimination, harassment, and retaliation that Plaintiff was subjected to was inclusive of, but not limited to:

    a. Ruhumbika was subjected to daily barrage of unwelcome comments based on her race, sex and disability.

    b. Ruhumbika was repeatedly and daily called a liar, stupid, lazy as black woman and a cripple black Mother Fucker by shuttle Caucasian driver Linda.

    c. Ruhumbika work was scrutinized by management Susan Humprey, Supervisor Andre Guyton, and the supervising staff more harshly and critically than other similarly situated individuals by the defendants daily watching her on camera without incident or reason, violating their own discriminatory harassment policy.

    d. Ruhumbika was subjected to shift changes and/or scheduling that the Caucasian drivers did not have to endure.

    e. Ruhumbika was not allowed to attend and/or receive training, participate in bidding for the selection of vacant shuttle driver routes that the similarly situated Caucasian male shuttle drivers received.

6

      f.  Ruhumbika was assigned less than desirable jobs than the similarly situated Caucasian employees.

      g.  On or about February 15, 2022, Ruhumbika, unlike other similarly situated employees, Ruhumbika was removed completely from the defendant's work schedule completely.

      h.  Ruhumbika unlike similarly situated employees was denied the opportunity to work, earn wages, 401k savings, accumulate annual leave, and sick leave credits.

34. Ruhumbika spent the next four month calling and submitting emails reporting the racial, sex and disability discrimination to human resources, Caucasian Kristy Baccile" ("HR Baccile") who took absolutely no action to remedy the discrimination / harassment.

35. Ruhumbika eventually had to seek employment elsewhere as a shuttle driver on day shift due to the defendants filling the vacant dayshift positions with employees that did not have a disability.

36. Four months after rescinding Ruhumbika work accommodation, and removing her from the full-time work schedule, Defendant acknowledged that Ruhumbika was qualified for the shuttle driver position by adding her back on the full-time work schedule on April 17, 2022, without a work accommodation..

37. The Defendant actions delayed the start of Ruhumbika career as a shuttle driver and caused her significant emotional distress, including shock, humiliation, depression, PTSD, paranoia and anxiety, as well as other monetary and dignitary harms.

38. On April 19, 2022, Ruhumbika was harassed once again by a Caucasian shuttle driver Linda who was recklessly driving, using its bus to block Ruhumbika bus in preventing her from returning to the station timely to pick up passengers.

39. On April 21, 2022, Ruhumbika submitted a discriminatory harassment complaint against the Caucasian transit shuttle driver "Linda."

40. The Defendant immediately retaliated against Ruhumbika by terminating her employment one day later on April 22, 2022, after she submitted her harassment complaint,

41. On April 22, 2022, the Defendants, and its employee, plotted and conspired together with malice and malicious, reckless indifference to terminate Ruhumbika employment without just cause, under the guise that she was seen on drive cam, "talking" using her cell phone while driving the shuttle bus on April 19, 2022, "at 3:58:00 hours AM CST, at a time and place that Ruhumbika wasn't at work".

42. Ruhumbika denies all of the defendant's pretext allegations for the reason in which she was terminated.

   a. The allege cell phone usage while driving did not motivated the Defendants action for termination of Ruhumbika employment with First Transit.

   b. Ruhumbika complaints of race, sex, and disability discrimination/ harassment and her request for a reasonable work accommodation was the motivating factor as to why the Defendant erroneously terminated her employment.

   c. The Defendants reason are simply insufficient to warrant termination of Ruhumbika employment, "a flat out lie, *emphasis added*, Ruhumbika has never used her cell phone while driving, nor did she violated any of the Defendant's policies or driving rules, while working as a shuttle driver with First Transit.

   d. There is absolutely no drive cam video footage of Ruhumbika using the cell phone while driving, to support the defendant pretext (lie) as they have alleged.

8

e. "Ruhumbika wasn't at work on April 19, 2022, at 3:58:00 hours AM CST, she has witnesses and physical evidence to support her statement.

f. Supervisor Susan Humphrey, Donna Gunn, and Supervisor Andre Guyton has the ability to update drive cam, by entering an employee name such as Ruhumbika, on a route sheet in drive cam, however they cannot change the time ("this is why the false drive cam report that the defendants submitted has Ruhumbika name on it, but it doesn't reflect the correct time that Ruhumbika was scheduled to report for worked on April 19, 2022.

g. Ruhumbika work schedule that she received from Caucasian Supervisor Susan Humphrey, clearly shows that Ruhumbika was not to report for work on April 19, 2022, until 4:44 hours AM CST. and

h. "At no time was Ruhumbika, instructed by management or supervision to report to work early on April 19, 2022".

43. First Transit/ Transdev adverse actions cause Ruhumbika continuing harm because her termination leaves a gap in her shuttle driver career record that is difficult to explain.

44. The Plaintiff/ Ruhumbika maintains that all of its allegations of discrimination on the basis of her disability, race, and gender and reports of hostile work environment are true.

45. All conditions precedent to the filing of this suit have occurred.

## COUNT I

### CAUSE OF ACTION
### Violation of Title I of the Americans with Disabilities Act

46. The foregoing paragraphs 1-45 are incorporated herein.

47. Title I of the ADA, 42 U.S.C. §§ 12111-12117, and its implementing regulation, 29 C.F.R. Part 1630, prohibits covered entities, such as Defendant, from discriminating against qualified

9

individuals on the basis of disability in regard to the discharge of employees and other terms, conditions, and privileges of employment.

48. At all times relevant hereto, Plaintiff was an employee, and Defendants an employer within the meaning of Title I of the ADA, 42 U.S.C. §§ 12111-12117, and its implementing regulation,29 C.F.R. Part 1630,

49. Ruhumbika is a qualified individual with a disability within the meaning of the ADA who during all relevant time periods could perform the essential functions of a shuttle Driver with or without a work accommodation in the vacant day shift shuttle driver position. 42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(m).

50. The Defendant discriminated against Ruhumbika in violation of 42 U.S.C. § 12112(a) and 29 C.F.R. § 1630.4 by removing her from the full-time work schedule on December 5, 2021, placing Ruhumbika on the call-in work schedule without any interactive process, further on or about February 15, 2022, the Defendants removed Ruhumbika, from the work schedule completely on the basis of her physical disability, Spinal Stenosis.

### PRAYER FOR RELIEF

**WHEREFORE,** the Pro Se' Kenta Ruhumbika (hereafter, "Ruhumbika") prays that this court grant judgment in favor of Ruhumbika, against the Defendants in an amount in excess of 50,000 for their premeditated, willful, malicious, reckless act / actions in violations of Ruhumbika statutory rights to a reasonable work accommodation pursuant to Title I of the ADA, 42 U.S.C. §§ 12111-12117, and its implementing regulations:

A. Order Defendant to reinstate Ruhumbika to the position of a Transit shuttle Driver with seniority and retirement benefits as if her employment had continued on a full-time, uninterrupted, basis since the date of December 5, 2021, when Ruhumbika, was unlawfully

10

removed from the Defendants full time work schedule.

B. Award Ruhumbika compensatory damages, including damages for emotional distress, for

injuries suffered as a result of the discrimination alleged in this complaint pursuant to 42 U.S.C.

§ 1981a; and

C. Order such other appropriate relief as the interests of justice require.

## COUNT II
## VIOLATION OF THE MICHIGAN PERSONS
## WITH DISABILITIES ACT, MCLA §37.1101, *ET SEQ.*

51. The foregoing paragraphs 1-50 are incorporated herein.

52. At all times relevant hereto, Plaintiff was an employee, and Defendants an employer within

the meaning of Persons with Disabilities Civil Rights Act (PWDCRA), MCL 37.1101, et seq;

53. Persons with Disabilities Civil Rights Act (PWDCRA), MCL 37.1101, et seq; prohibit

covered entities, such as Defendant, from discriminating against qualified individuals on the

basis of disability in regard to the discharge of employees and other terms, conditions, and

privileges of employment, including by failing to provide reasonable accommodations to

qualified employees with disabilities.

54. Plaintiff suffers from spinal stenosis which is a neurological musculoskeletal physical

disability that substantially interferes with major life activities "walking" and is a disability

under the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, et seq.

(PWDCRA).

55. Defendant was aware of Ruhumbika disability, she was granted a work accommodation on

December 1, 2021, and on March 30, 2022, Ruhumbika submitted a DISABILITY

ACCOMMODATION REQUEST BY EMPLOYEE form CS-1668, informing the

defendants that she could perform the essential job duties of a shuttle driver with or without a

11

work accommodation on dayshift in one of the many vacant shuttle driver positions..

56. Ruhumbika was also regarded as having a physical disability as mentioned above 42 U.S.C.

§ 12102 (3).

57. Plaintiff's disability was a factor in Defendant's adverse employment decisions, Plaintiff was

subjected to adverse employment actions as described above.

58. The defendants left the position vacant for several month looking for other employee to fill

the vacant position besides Ruhumbika due to her disability.

59. Plaintiff experienced treatment that is different than that experienced by other similarly

situated employees with respect to the terms, conditions, or benefits of her employment

because of her disability.

60. Ruhumbika has been subjected to repeated and continuous discriminatory treatment based

upon her disability by Defendant, its employees and agents to the point where her status as an

employee has been detrimentally affected and she was refused to be reasonably

accommodated by Defendant and had to seek employment elsewhere subsequently

Ruhumbika was terminated by Defendant for her complaints of discrimination as state above.

61. Plaintiff is entitled to exemplary, compensatory damages of future and past wages pursuant

to the PWDCRA as a result of each and every violation of the act.

62. Defendant and its agents, employees and representatives violated the PWDCRA by reason of

the following acts and/or omissions:

   a. Failing to properly educate and train its employees, agents, servants, managers

      and supervisors, particularly with reference to the unlawfulness of

      discrimination in public accommodations and/or public services;

   b. Violating the laws and Ruhumbika statutory rights to a reasonable work

12

accommodation and by refusing to accommodate Plaintiff; and

   c.  Preventing Ruhumbika from having full and fair opportunities to her employment based upon her disability.

   d.  Defendant owed Ruhumbika as a disabled employee, a duty to adequately advise their employees to refrain from discriminating against employees with disabilities.

63. As a direct and proximate result of Defendant's harassment and discrimination of Plaintiff solely on the basis that she had a disability or was perceived by Defendants on December 5, 2021, February 15, 2022 and April 22, 2022, as mentioned above to be a person with a disability,

64. Plaintiff has sustained injuries including, but not limited to:

   e.  Economic damages

   f.  Wage loss;

   g.  Mental anguish;

   h.  Fright;

   i.  Shock;

   j.  Embarrassment;

   k.  Outrage;

   l.  Anxiety;

   m.  Emotional distress;

   n.  Loss of self-esteem; and

   o.  Loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an

amount in excess of $50,000, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT III
## CAUSE OF ACTION
### RACE DISCRIMINATION AND HARASSMENT
### IN VIOLATION OF THE 1991 CIVIL RIGHTS ACT & TITLE VII

65. Plaintiff hereby incorporates by reference paragraphs 1-64 as if specifically delineated herein.

66. At all times relevant hereto, Plaintiff was an employee, and Defendants an employer within the meaning of the Civil Rights Act of 1991 (1991 CRA), Pub L No 102-166, 105 Stat 1071 (1991), et seq., and Title VII of the Civil Rights Act of 1964 (Title VII), as amended.

67. Under said statutes, the Defendants had a duty to Plaintiff not to discriminate against her or to harass her with respect to her employment, compensation, terms, conditions or privileges of employment because of her race, or to limit, segregate or classify Plaintiff for employment in a way which deprived or tended to deprive her of employment opportunities or otherwise to adversely affect the employment status of Plaintiff because of her race.

68. Notwithstanding said duties and in willful violation thereof, the Defendants discriminated against Plaintiff, and harassed Plaintiff by subjecting her to humiliation and discrimination to which other workers were not subjected, all because of her race.

69. Plaintiff was subjected to adverse employment actions as described above.

70. Plaintiff experienced treatment that is different than that experienced by other similarly situated employees with respect to the terms, conditions, or benefits of her employment because of her race.

71. There is evidence of a causal relationship between Plaintiff's membership in the protected

class and the adverse employment actions she experienced.

72. Plaintiff was ultimately replaced by a Caucasian employee.

73. As a direct and proximate result of the Defendants' violations as described above, Plaintiff suffered loss of earnings, and other benefits of employment, loss of earning capacity, embarrassment and humiliation, mental and emotional distress, and expenses for medical care and treatment, all of which damages continues into the future.

WHEREFORE, Ruhumbika respectfully requests judgment in her favor and against Defendant in an amount in excess of $50,000 together with costs, interest, as allowed by statute and any other relief this Honorable Court deems appropriate.

## COUNT IV
## CAUSE OF ACTION
### GENDER DISCRIMINATION AND HARASSMENT IN VIOLATION OF THE 1991 CIVIL RIGHTS ACT & TITLE VII

74. Plaintiff hereby incorporates by reference paragraphs 1-73, as if specifically delineated herein.

75. At all times relevant hereto, Plaintiff was an employee, and Defendants an employer within the meaning of the Civil Rights Act of 1991 (1991 CRA), Pub L No 102-166, 1055 Stat 1071 (1991), et seq., and Title VII of the Civil Rights Act of 1964 (Title VII), as amended.

76. Under said statutes, the Defendants had a duty to Plaintiff not to discriminate against her or to harass her with respect to her employment, compensation, terms, conditions or privileges of employment because of her gender, or to limit, segregate or classify Plaintiff for employment in a way which deprived or tended to deprive her of employment opportunities or otherwise to adversely affect the employment status of Plaintiff because of her gender.

77. Notwithstanding said duties and in willful violation thereof, the Defendants discriminated against Ruhumbika, and harassed Ruhumbika by subjecting her to humiliation and discrimination to which other workers were not subjected, all because of her gender.

78. Ruhumbika was subjected to adverse employment actions as described above.

79. Ruhumbika experienced treatment that is different from that experienced by other similarly situated employees with respect to the terms, conditions, or benefits of her employment because of her gender "female".

80. There is evidence of a causal relationship between Plaintiff's membership in the protected class and the adverse employment actions she experienced.

81. Ruhumbika was ultimately denied work assignments, bidding on vacant shuttle driver positions by shift, and benefits, that the male shuttle drivers received even though she had more seniority than the men.

82. As a direct and proximate result of the Defendants' violations as described above, Ruhumbika suffered loss of earnings, and other benefits of employment, loss of earning capacity, embarrassment and humiliation, mental and emotional distress, and expenses for medical care and treatment, all of which damages continues into the future.

WHEREFORE, Ruhumbika respectfully requests judgment in her favor and against Defendant in an amount in excess of $50,000 together with costs, interest, as allowed by statute and any other relief this Honorable Court deems appropriate.

## COUNT V
## CAUSE OF ACTION (RACE)
### ELCRA 37.2202, Pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), as amended.

83. Plaintiff hereby incorporates by reference paragraphs 1-82, as if specifically delineated herein.

16

84. At all times relevant hereto, Plaintiff was an employee, and Defendants an employer within the meaning of the ELCRA 37.2202 pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), as amended.

85. Under said statutes, the Defendants had a duty to Plaintiff not to discriminate against her or to harass her with respect to her employment, compensation, terms, conditions or privileges of employment because of her race, or to limit, segregate or classify Plaintiff for employment in a way which deprived or tended to deprive her of employment opportunities or otherwise to adversely affect the employment status of Plaintiff because of her race.

86. Notwithstanding said duties and in willful violation thereof, the Defendants discriminated against Ruhumbika, based on her race as mention above.

87. Ruhumbika experienced treatment that is different from that experienced by other similarly situated Caucasian shuttle driver due to her race with respect to the terms, conditions, or benefits of her employment because of her race African American Female".

88. There is evidence of a causal relationship between Plaintiff's membership in the protected class and the adverse employment actions she experienced.

89. Ruhumbika was ultimately denied work assignments, bidding on vacant shuttle driver positions by shift, and benefits, that the Caucasian shuttle drivers received even though she was qualified to perform the essential job duties of a shuttle driver.

90. As a direct and proximate result of the Defendants' violations as described above, Ruhumbika suffered loss of earnings, and other benefits of employment, loss of earning capacity, embarrassment and humiliation, mental and emotional distress, and expenses for medical care and treatment, all of which damages continues into the future.

WHEREFORE, Ruhumbika respectfully requests judgment in her favor and against Defendant in

17

an amount in excess of $50,000 together with costs, interest, as allowed by statute and any other

relief this Honorable Court deems appropriate.

## COUNT VI
## CAUSE OF ACTION (Gender)
## ELCRA 37.2202, Pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), as amended.

91. Plaintiff hereby incorporates by reference paragraphs 1-90, as if specifically delineated

herein.

92. At all times relevant hereto, Plaintiff was an employee, and Defendants an employer within

the meaning of the ELCRA 37.2202 pursuant to Title VII of the Civil Rights Act of 1964

(Title VII), as amended.

93. Under said statutes, the Defendants had a duty to Plaintiff not to discriminate against her or

to harass her with respect to her employment, compensation, terms, conditions or privileges

of employment because of her gender, or to limit, segregate or classify Plaintiff for

employment in a way which deprived or tended to deprive her of employment opportunities

or otherwise to adversely affect the employment status of Plaintiff because of her gender.

94. Notwithstanding said duties and in willful violation thereof, the Defendants discriminated

against Ruhumbika, based on her gender as mention above.

95. Ruhumbika experienced treatment that is different from that experienced by other similarly

situated Caucasian male shuttle driver due to her race with respect to the terms, conditions, or

benefits of her employment because of her gender, Female".

96. There is evidence of a causal relationship between Plaintiff's membership in the protected

class and the adverse employment actions she experienced.

97. Ruhumbika was ultimately denied work assignments, bidding on vacant shuttle driver

positions by shift, and benefits, that the Caucasian male shuttle drivers received even though she was qualified to perform the essential job duties of a shuttle driver.

98. As a direct and proximate result of the Defendants' violations as described above, Ruhumbika suffered loss of earnings, and other benefits of employment, loss of earning capacity, embarrassment and humiliation, mental and emotional distress, and expenses for medical care and treatment, all of which damages continues into the future.

WHEREFORE, Ruhumbika respectfully requests judgment in her favor and against Defendant in an amount in excess of $50,000 together with costs, interest, as allowed by statute and any other relief this Honorable Court deems appropriate.

**COUNT VII**
**CAUSE OF ACTION**
**RETALIATION**
**Pursuant Title VII, Civil Rights Act of 1991, as amended. 42 U.S.C. § 1981a(b)**

99. Plaintiff incorporates by reference paragraphs 1 through 98, as if specifically delineated herein.

100.   Defendants retaliated against Plaintiff for having complained about Defendant's discriminatory employment practices described above, in violation of Title VII.

101.   Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

102.   As a direct and proximate result of the Defendants' violations as described above, Plaintiff suffered loss of earnings, and other benefits of employment, loss of earning capacity, embarrassment and humiliation, mental and emotional distress, and expenses for medical care and treatment, all of which damages continues into the future.

**WHEREFORE**, PLAINTIFF REQUESTS that this court enter judgment against

19

Defendants and in Plaintiff Ruhumbika favor as follows:

1. **Legal relief :**

a. A judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled;

b. Compensatory damages in whatever amount she is found to be entitled;

c. Punitive and exemplary damages commensurate with the wrong and Defendant's ability to pay in excess of Two hundred thousand dollars $200,000 together with costs, interest, as allowed by statute and any other relief this Honorable Court deems appropriate.;

d. An award of interest, and costs;

2. **Equitable relief:**

a. An order reinstating Plaintiff to the position she would have held if there had been no discrimination and retaliation by Defendant;

b. An injunction prohibiting any further acts of retaliation or discrimination;

c. An award of interest, costs;

d. Whatever other equitable relief appears appropriate at the time of trial.

TRIAL BY JURY REQUESTED

Plaintiff, KENTA RUHUMBIKA, "Pro Se' hereby requests a trial by **Jury.**

Respectfully submitted:
/s/ KENTA RUHUMBIKA
Kenta Ruhumbika
Plaintiff (Pro se')
714 Natures Cove Ct
Wixom, Michigan 48393
Ph: 810-391-8432
kentahawkins@yahoo.com

June 28, 2023

I Pro Se, Kenta Ruhumbika declare that the statements above are true to the best of my

I Pro Se, Kenta Ruhumbika declare that the statements above are true to the best of my

information, knowledge and belief.

Kenta Ruhumbika

Before me on the 27 day of June 2023

Notary Public

> MARLI BASSO RODRIGUES
> NOTARY PUBLIC - STATE OF MICHIGAN
> COUNTY OF OAKLAND
> My Commission Expires    MAY 27, 2028
> Acting In the County of Oakland

Kenta Ruhumbika demands jury trial in this matter pursuant to "MCL 600.6421(1)

June 27, 2023

Respectfully submitted:
/s/ KENTA D RUHUMBIKA
        Kenta Ruhumbika
        Plaintiff (Pro se')
        714 Natures Cove Ct
        Wixom, Michigan 48393
        Ph: 810-391-8432
        kentahawkins@yahoo.com

Carla Keefe    6/29/2023 3:19 PM    WAYNE COUNTY CLERK    Cathy M. Garrett    FILED IN MY OFFICE    23-008375-CD

## STATE OF MICHIGAN

## IN THE THIRD CIRCUIT COURT FOR THE COUNTY OF WAYNE
## EMPLOYMENT DISCRIMINATION

KENTA RUHUMBIKA,

    Plaintiff,                           Case No. CD-

    v.                                Hon.

DELTA FIRST AMERICA TRANSIT/

TRANSDEV


    Defendant.

---

| | |
|---|---|
| KENTA RUHUMBIKA<br>Plaintiff (Pro se')<br>714 Natures Cove Ct<br>Wixom, Michigan 48393<br>Ph: 810-391-8432<br>kentahawkins@yahoo.com | DELTA FIRST AMERICA<br>TRANSIT/ TRANSDEV<br>720 E. Butterfield Rd., Suite 300<br>Lombard, IL 60148<br>1 (800) 225-8880<br>infoUS@transdev.com |

---

### JURY DEMAND

Trial by Jury is requested pursuant with MCL 600.6421(1)

Title VI of the Civil Rights Act Of 1964 42 U.S.C. § 2000d Et Seq. and all other State and Federal Statues.


                         /s/ KENTA RUHUMBIKA

                         KENTA RUHUMBIKA<br>                         Plaintiff (Pro se')<br>                         714 Natures Cove Ct<br>                         Wixom, Michigan 48393<br>                         Ph: 810-391-8432<br>                         kentahawkins@yahoo.com

June 28, 2023