## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

KENTA RUHUMBIKA,

    Plaintiff,

v.

DELTA FIRST AMERICA
TRANSIT/TRANSDEV,

    Defendant.

Case No. 23-cv-11803

Hon. Matthew F. Leitman

Mag. Judge Elizabeth A. Stafford

---

Kenta Ruhumbika
kentahawkins@yahoo.com
714 Natures Cove Ct.
Wixom, Michigan 48393
Telephone:  810.391.8432

*Plaintiff, Pro Se*

Jaclyn R. Giffen (P75316)
jgiffen@littler.com
Saniya Khare (P83020)
skhare@littler.com
LITTLER MENDELSON, P.C.
200 Renaissance Center
Suite 3110
Detroit, Michigan 48243
Telephone:  313.446.6400
Fax No.:     313.446.6405

*Attorneys for Defendant*

---

## DEFENDANT'S ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

Defendant First Transit, Inc., incorrectly identified in the caption as Delta First America Transit/Transdev, by and through its attorneys, Littler Mendelson, P.C., and for its answer and affirmative and other defenses to Plaintiff Kenta Ruhumbika's Verified Complaint, states as follows:

## JURISDICTION AND VENUE

1.      The Defendants FIRST TRANSIT/TRANSDEV, denied its employee Ruhumbika a African American female a reasonable work accommodation into one of the multiple vacant shuttle driver position on day shift whereas many positions was available, that cost the defendant's zero dollars and no hardship. Ruhumbika was also subjected to daily barrage of unwelcome comments based on her race, sex, and disability and retaliated against for her complaints concerning the same.

**ANSWER:** Defendant denies the allegations in Paragraph 1 of the Complaint.

2.      This action involves claims which relate to the alleged violations of Federal and State Statues: Title 1 of the Americans with Disabilities Act (ADA) 42 U.S.C. §§ 12111-17 as amended, which incorporates, through 42 U.S.C. §§ 12111-17 (a), the powers, remedies, and procedures set forth in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§§ 2000e et seq., and Title VII, Section 102 of the Civil Rights Act of 1991, as amended pursuant to 42 U.S.C. §1981a. The Michigan Elliott-Larsen Civil Rights Act (ELCRA), Mich. Comp. Laws §37.2101 et seq.; The Michigan Persons with Disabilities Civil Rights Act (PWDCRA), Mich. Comp. Laws §37.1101 et seq.; and Michigan common law.

**ANSWER:**  Defendant admits that this action purports to allege violations of Title I of the Americans with Disabilities Act, Title VII of the Civil Rights Act

2

of 1964, Title VII, Section 102 of the Civil Rights Act of 1991, the Michigan Elliott-Larsen Civil Rights Act (ELCRA), the Michigan Persons with Disabilities Civil Rights Act (PWDCRA), and Michigan common law, but denies engaging in any conduct which would give rise to a cause of action on the part of Plaintiff or entitle her to any damages, whatsoever.

3.      Defendant Transdev is a private operator and integrator of multiple modes of transportation who receive federal funding for it to procure zero-emission buses and has a workforce of approximately 19,000 employees.

**ANSWER:**  Defendant denies the allegations in Paragraph 3 of the Complaint because it lacks knowledge sufficient to form a belief about the allegations therein, except to state that First Transit, Inc. is the correct Defendant.

4.      Defendant is an employer within the meaning of 42 U.S.C. § 12117(a), 42 U.S.C. § 12111(5), 42 U.S.C. § § 2000e et seq., 42 U.S.C. § 1981a. and a covered entity within the meaning of 42 U.S.C. § 12111(2), 29 C.F.R. 1630.2.(b), Mich. Comp. Laws§ 37.2101et. seq.; Mich. Comp. Laws §37.1101 et seq and 42 USC § 2000d-7,

**ANSWER:** Paragraph 4 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant states First Transit, Inc. employed Plaintiff.

3

5.     Ruhumbika is an individual with a disability within the meaning 42 U.S.C. § 12102 and 29 C.F.R. § 1630.2., Mich. Comp. Laws § 37.2101 et seq.; Mich. Comp. Laws §37.1101 et seq and 42 USC § 2000d-7 and at all times during this matter was an employee of the defendant.

**ANSWER:** Paragraph 5 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant states First Transit, Inc. employed Plaintiff.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this action under 42 U.S.C. § 12117 (a) and 42 U.S.C. § 2000e 5(f), Section 703 of the Civil Rights Act of 1964 42 USC 2000e 2; Mich. Comp. Laws 37.2101 et seq.; Mich. Comp. Laws §37.1101 et seq and MCL 600.8307.

**ANSWER:**  Defendant admits the United States District Court for the Eastern District of Michigan has subject matter jurisdiction over Plaintiff's purported claims, but states that jurisdiction cannot be conferred by admission.

7.     This Court has the authority to grant a declaratory judgment pursuant to 28 U.S.C. § § 2201 and 28 U.S.C. § § 2202, and the authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117, Section 703 of the Civil Rights Act of 1964 42 USC 2000e 2, and MCL 600.8307.

4884-3319-7937.6 / 070993-1219

**ANSWER:** Paragraph 7 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant does not contest the jurisdiction or the authority of the United States District Court for Eastern District of Michigan to issue appropriate judgements.

8.      Venue is proper in this district under "MCL 600.6421 (1) and 42 U.S.C. § 2000e-5(f) (3) because the Defendant's location is in this judicial district of Wayne County and the events and omissions giving rise to this action occurred in the judicial district of Wayne County.

**ANSWER:** Paragraph 8 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant states jurisdiction is proper in the United States District Court for the Eastern District of Michigan. Defendant denies engaging in any action giving rise to the instant action.

9.      The amount in controversy exceeds Two hundred thousand dollars ($200,000.00), exclusive of interest and costs.

**ANSWER:** Defendant admits that Plaintiff pleads the amount in controversy exceeds two-hundred thousand dollars ($200,000.00) but denies she is entitled to the same.

10.     Ruhumbika has exhausted all of its administrative remedies,

      a.      On Friday March 31, 2023, the Equal Employment Opportunity Commission (EEOC) issued Ruhumbika a Notice of Sue Rights, after 180 days had passed, See 42 U.S.C. § 2000e-5(e)(1).

b.     On Wednesday, April 7, 2023, Ruhumbika received its Notice of Sue Rights, and filed its Complaint on June 28, 2023 with this State Court within ninety (90) days of receiving its Notice of Sue Rights.

c.     Complaint, Notice of Sue Rights attached hereto the complaint as Exhibit #1.

**ANSWER:** Defendant lacks knowledge sufficient as to form a belief regarding the allegations in Paragraph 10 of the Complaint, and therefore denies the same.

## FACTUAL ALLEGATIONS

11.     Plaintiff Ruhumbika incorporates by reference paragraphs 1 through 10 of the complaint as though fully set forth herein.

**ANSWER:** Defendant incorporates by reference all of its answers to paragraphs 1 through 10 of the Complaint as fully set forth above.

12.     On 11/26/2021, Ruhumbika started her career with Defendant First Transit.

**ANSWER:** Defendant admits the allegations in Paragraph 12 of the Complaint.

13.     Ruhumbika is an African American female that belongs to several protected classes, based on her, Gender, ("Female"), Race, ("African American") and Disability ("neurological, musculoskeletal, physical disability "Spinal Stenosis" that affects her daily activities (e.g. walking).

**ANSWER:** Defendant admits that Plaintiff is African American and identifies as a female. Defendant lacks knowledge sufficient as to form a belief regarding Plaintiff's purported disability, and therefore, denies those allegations. Except as specifically admitted, Defendant denies the allegations of Paragraph 13 of the Complaint.

14.    Ruhumbika is a person with a disability within the meaning of 42 U.S.C. § 12102 because she has a neurological disability spinal stenosis that substantially limit one or more major life activities (e.g. walking), 29 C.F.R. § 1630.2 (J)(3)(iii).

**ANSWER:** Paragraph 14 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant lacks knowledge sufficient as to form a belief regarding Plaintiff's purported disability, and therefore, denies those allegations. Except as specifically admitted, Defendant denies the allegations of Paragraph 14 of the Complaint.

15.    The Defendants regarded Ruhumbika as having a physical disability on December 1, 2021, when Ruhumbika was granted work accommodation as a full-time shuttle driver on day shift.

**ANSWER:** Defendant denies the allegations in Paragraph 15 of the Complaint.

7

16.     Ruhumbika was also regarded as having a physical disability on December 5, 2021, the defendants issued new full time work assignments to each shuttle driver removing Ruhumbika, out of the day shift full time shuttle driver position due to her having a physical disability spinal stenosis 42 U.S.C. § 12102 (3).

**ANSWER:** Defendant denies the allegations in Paragraph 16 of the Complaint.

17.     Ruhumbika wasn't given a direct shift assignment, she was placed on the on-call list, based on her perceived impairment, without the defendants conducting any interactive process with her.

**ANSWER:** Defendant denies the allegations in Paragraph 17 of the Complaint.

18.     On or about February 14, 2022, Ruhumbika was also regarded as a person with a disability when defendant manager Susan Humphrey, asked her to quit her employment with First Transit due to her physical walking disability "spinal stenosis." That's not related to whether or not she can perform the essential duties of a shuttle driver.

**ANSWER:** Defendant denies the allegations in Paragraph 18 of the Complaint.

19.     Ruhumbika, refused to quit her employment with First Transit,

**ANSWER:** Defendant denies the allegations in Paragraph 19 of the Complaint, except to state that Plaintiff remained employed by Defendant.

20.     Ruhumbika ordered the daily disability, sex and racial discrimination to humane[sic] resource, Kristy Baccile ("HR Baccile") who failed to remedy the harassment/discrimination.

**ANSWER:** Defendant denies the allegations in Paragraph 20 of the Complaint.

21.     On or about February 15, 2022 Ruhumbika was removed completely from the defendants work schedule due to her race and disability.

**ANSWER:** Defendant denies the allegations in Paragraph 21 of the Complaint.

22.     The Defendants treated other employees and staff members who did not have a disability and who are members of a different race and sex than Ruhumbika whom are not part of a protected class under state and federal anti-discrimination laws, differently (better) than Ruhumbika.

**ANSWER:** Defendant denies the allegations in Paragraph 22 of the Complaint.

23.     The similarly situated Caucasian male shuttle drivers were given shift assignments not offered to Ruhumbika, due to her disability, race and sex.

4884-3319-7937.6 / 070993-1219

**ANSWER:** Defendant denies the allegations in Paragraph 23 of the Complaint.

24.    Ruhumbika is certified through the state of Michigan to work as a shuttle driver.

**ANSWER:** Defendant admits only that at the time of her employment with Defendant, Plaintiff was appropriately certified through the State of Michigan.

25.    During all relevant time periods when the Defendants removed Ruhumbika from the full time work schedule on December 5, 2021 and subsequently removed her completely off the work schedule on February 15, 2022, Ruhumbika was performing the essential job duties of the shuttle driver position with no complaints.

**ANSWER:** Defendant denies the allegations in Paragraph 25 of the Complaint.

26.    Bring all relevant time periods Ruhumbika is and has been qualified to perform the essential function of a shuttle driver with or without reasonable work accommodation on day shift in one of the many vacant shuttle driver positions at First Transit.

**ANSWER:** Defendant denies the allegations in Paragraph 26 of the Complaint.

4884-3319-7937.6 / 070993-1219

27.     On March 26, 2022, male shuttle driver Tim Dawkins resigns from First Transit leaving another shuttle driver position vacant on dayshift.

**ANSWER:** Defendant denies the allegations of Paragraph 27 of the Complaint, except to admit that a shuttle driver by the name of Tim Dawkins resigned employment.

28.     On March 30, 2022, Ruhumbika submitted a DISABILITY ACCOMMODATION REQUEST BY EMPLOYEE form CS-1668 to address Susan Humphrey, and Kristy Baccile ("HR Baccile") for placement into a vacant day shift shuttle driver position that cost the defendant absolutely zero dollars and no hardship.

**ANSWER:** Defendant denies the allegations in Paragraph 28 of the Complaint, except to admit that Plaintiff submitted a disability accommodation request form CS-1668 requesting a day shift on March 30, 2022.

29.     Ruhumbika work accommodation request was denied once again without any interactive process as required by defendant's accommodation policy.

**ANSWER:** Defendant denies the allegations in Paragraph 29 of the Complaint.

30.     The defendants left the shuttle driver position vacant for several months looking for other employee to fill the vacant position besides Ruhumbika due to her disability.

11

**ANSWER:** Defendant denies the allegations in Paragraph 30 of the Complaint.

31.     As a result of Ruhumbika multiple reasonable work accommodation requests for placement into a vacant day shift shuttle driver position pursuant to 42 USC § 12101 and daily complaints of disability, racial, and gender discrimination and daily complaints of workplace harassment.

**ANSWER:** The allegations in Paragraph 31 of the Complaint are incomprehensible. To the extent Plaintiff is alleging discrimination on the basis of her disability, race, gender or complaints of harassment, Defendant denies the allegations in Paragraph 31 of the Complaint

32.     The defendants retaliated against Ruhumbika, based on her disability, race and gender which created a hostile work environment.

**ANSWER:** Defendant denies the allegations in Paragraph 32 of the Complaint.

33.     The daily discrimination, harassment, and retaliation that plaintiff was subjected to was inclusive of, but not limited to:

    a.     Ruhumbika was subjected to daily barrage of unwelcome comments based on her race, sex and disability

    b.     Ruhumbika was repeatedly and daily called a liar, stupid, lazy as black woman and a cripple black Mother Fucker buy shuttle Caucasian driver Linda.

12

c.    Ruhumbika work was scrutinized by Susan Humphrey, Supervisor Andre Guyton, and the supervising staff more harshly and critically than other similarly situated individuals by the defendants daily watching her on camera without incident or reason, violating their own discriminatory harassment policy.

d.    Ruhumbika was subjected to shift changes and/or scheduling that the Caucasian drivers did not have to endure.

e.    Ruhumbika was not allowed to attend and/or receive training, participate in bidding for the selection of vacant shuttle driver routes that the similarly situated Caucasian male shuttle drivers received.

f.    Ruhumbika was assigned less than desirable jobs than the similarly situated Caucasian employees.

g.    On or about February 15, 2022, Ruhumbika, unlike other similarly situated employees, Ruhumbika was removed completely from the defendant's work schedule completely.

h.    Ruhumbika unlike similarly situated employees was denied the opportunity to work, earn wages, 401K savings, accumulate annual leave, and sick leave credits.

**ANSWER:** Defendant denies the allegations in Paragraph 33, including subparts (a)-(h), of the Complaint.

34.    Ruhumbika spent the next four month calling and submitting emails reporting the racial, sex and disability discrimination to human resources, Caucasian Kristy Baccile" ("HR Baccile") who took absolutely no action to remedy the discrimination/harassment.

**ANSWER:** Defendant denies the allegations in Paragraph 34 of the Complaint.

13

35.     Ruhumbika eventually had to seek employment elsewhere as a shuttle driver on day shift due to the defendants filling the vacant day shift positions with employees that did not have a disability.

**ANSWER:** Defendant denies the allegations of Paragraph 35 of the Complaint.

36.     Four months after rescinding Ruhumbika work accommodation, and removing her from the full-time work schedule, Defendant acknowledged that Ruhumbika was qualified for the shuttle driver position by adding her back on the full time work schedule on April 17, 2022, without a work accommodation.

**ANSWER:** Defendant denies the allegations in Paragraph 36 of the Complaint.

37.     The Defendant actions delayed the start of Ruhumbika career as a shuttle driver and caused her significant emotional distress, including shock, humiliation, depression, PTSD, paranoia and anxiety, as well as other monetary and dignitary harms.

**ANSWER:** Defendant denies the allegations in Paragraph 37 of the Complaint.

38.     On April 19, 2022, Ruhumbika was harassed once again by a Caucasian shuttle driver Linda who was recklessly driving, using its bus to block Ruhumbika bus in preventing her from returning to the station timely to pick up passengers.

14

**ANSWER:** Defendant denies the allegations in Paragraph 37 of the Complaint stating that Plaintiff was "harassed." With regard to the remaining allegations in Paragraph 38, Defendant lacks knowledge sufficient to form a belief regarding the allegations, and therefore denies the same.

39.     On April 21, 2022, Ruhumbika submitted a discriminatory harassment complaint against the Caucasian transit shuttle driver "Linda."

**ANSWER:** Defendant lacks knowledge sufficient as to form a belief about the allegations in Paragraph 39 of the Complaint, and therefore denies the same.

40.     The Defendant immediately retaliated against Ruhumbika by terminating her employment one day later on April 22, 2022, after she submitted her harassment complaint.

**ANSWER:** Defendant denies the allegations in Paragraph 40 of the Complaint.

41.     On April 22, 2022, the Defendants, and its employee, plotted and conspired together with malice and malicious, reckless indifference to terminate Ruhumbika employment without just cause, under the guise that she was seen on drive cam, "talking" using her cell phone while driving the shuttle bus on April 19, 2022, "at 3:58:00 hours AM CST, at a time and placed that Ruhumbika wasn't at work".

15

**ANSWER:** Defendant denies the allegations in Paragraph 41 of the Complaint. Responding further, Defendant states that Plaintiff was terminated for violation of Defendant's cell phone use policy.

42.     Ruhumbika denies all of the defendant's pretext allegations for the reason in which she was terminated.

    a.     The allege cell phone usage while driving did not motivated the Defendants action for termination of Ruhumbika employment with First Transit.

    b.     Ruhumbika complaints of race, sex, and disability discrimination/harassment and her request for a reasonable work accommodation was the motivating factor as to why the Defendant erroneously terminated her employment.

    c.     They Defendants reason are simply insufficient to warrant termination of Ruhumbika employment, "a flat out lie, ***emphasis added,*** Ruhumibika has never used her cell phone while driving, nor did she violated any of the Defendant's policies or driving rules, while working as a shuttle driver with First Transit.

    d.     There is absolutely no drive can video footage of Ruhumbika using the cell phone while driving, to support the defendant pretext (lie) as they have alleged.

    e.     "Ruhumbika wasn't at work on April 19, 2022, at 3:58:00 hours AM CST, she has witnesses and physical evidence to support her statement.

    f.     Supervisor Susan Humphrey, Donna Gunn, and Supervisor Andre Guyton has the ability to update drive cam, by entering an employee name such as Ruhumbika, on a route sheet in drive cam, however they cannot change the time ("this is why the false drive cam report that the defendants submitted has Ruhumbika name on it, but it doesn't reflect the correct time that Ruhumbika was scheduled to report for worked on April 19, 2022.

16

g.   Ruhumbika work schedule that she received from Caucasian Supervisor Susan Humphrey, clearly shows that Ruhumbika was not to report for work on April 19, 2022, until 4:44 hours AM CST, and

h.   "At no time was Ruhumbika, instructed by management or supervision to report to work early on April 19, 2022".

**ANSWER:** Defendant denies the allegations in Paragraph 42, including subparts (a)-(h), of the Complaint.

43.   First Transit/Transdev adverse actions cause Ruhumbika continuing harm because her termination leaves a gap in her shuttle driver career record that is difficult to explain.

**ANSWER:** Defendant denies the allegations in Paragraph 43 of the Complaint.

44.   The Plaintiff/Ruhumbika maintains that all of its allegations of discrimination on the basis of her disability, race, and gender and reports of hostile work environment are true.

**ANSWER:** Defendant denies the allegations in Paragraph 44 of the Complaint.

45.   All conditions precedent to the filing of this suit have occurred.

**ANSWER:** Defendant denies the allegations in Paragraph 45 of the Complaint.

17

## COUNT I

### Violation of Title I of The Americans with Disabilities Act

46.     The foregoing paragraphs 1-45 are incorporated herein.

**ANSWER:** Defendant restates and incorporates its answers to Paragraph 1-45 of the Complaint as if fully set forth above.

47.     Title I of the ADA, 42 U.S.C. § § 12111-12117, and its implementing regulation, 29 C.F.R. Part 1630, prohibits covered entities, such as Defendant, from discriminating against qualified individuals on the basis of disability in regard to the discharge of employees and other terms, conditions, and privileges of employment.

**ANSWER:** Paragraph 47 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that it violated the ADA as described herein or in any other manner.

48.     All times relevant hereto, Plaintiff was an employee, and Defendants an employer within the meaning of Title I of the ADA, 42 U.S.C. §§ 12111-12117, and its implementing regulation, 29 C.F.R., Part 1630.

**ANSWER:** Paragraph 48 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant states that First Transit, Inc. employed Plaintiff.

49.     Ruhumbika a qualified individual with a disability within the meaning of the ADA who during all relevant time periods could perform the essential

18

functions of a shuttle Driver with or without a work accommodation in the vacant day shift shuttle driver position, 42 U.S.C. § 1211(8); 29 C.F.R. § 1630.2(m).

**ANSWER:** Paragraph 49 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 49.

50.    The Defendant discriminated against Ruhumbika in violation of 42 U.S.C. § 12112(a) and C.F.R. § 1630.4 by removing her from the full time work schedule on December 5, 2021, placing Ruhumbika on the call-in work schedule without any interactive process, further on or about February 15, 2022, the Defendants removed Ruhumbika, from the work schedule completely on the basis of her physical disability, Spinal Stenosis.

**ANSWER:** Defendant denies the allegations in Paragraph 50 of the Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, the Pro Se Kenta Ruhumbika (hereafter, "Ruhumbika") prays that the court grant judgment in favor of Ruhumbika, against the Defendants in an amount in excess of 50,000 for their premeditated, willful, malicious, reckless act/actions in violations of Ruhumbika statutory rights to a reasonable work accommodation pursuant to Title I of the ADA, 42 U.S.C. §§ 12111-12117, and its implementing regulations:

A.      Order Defendant to reinstate Ruhumbika to the position of a Transit shuttle Driver with seniority and retirement benefits as if her employment had continued on a full-time, uninterrupted, basis since the date of December 5, 2021, when Ruhumbika, was unlawfully removed from the Defendants full time work schedule.

B.      Award Ruhumbika compensatory damages, including damages for emotional distress, for injuries suffered as a result of the discrimination alleged in this complaint pursuant to 41 U.S.C. § 1981a; and

C.      Order such other appropriate relief as the interest of justice require.

**ANSWER:** Defendant denies that Plaintiff is entitled to any relief in the above WHEREFORE paragraph, including subparts A-C, of the Complaint.

## COUNT II

### Violation of the Michigan Persons with Disabilities Act, MC §37.1101, *et seq.*

51.     The foregoing paragraphs 1-50 are incorporated herein.

**ANSWER:** Defendant restates and incorporates its answers to Paragraph 1-50 of the Complaint as if fully set forth above.

52.     At all times relevant hereto, Plaintiff was an employee, and Defendants an employer within the meaning of Persons with Disabilities Civil Rights Act (PWDCRA), MCL 37.1101, et seq;

20

**ANSWER:** Paragraph 52 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant states First Transit, Inc. employed Plaintiff.

53.     Persons with Disabilities Civil Rights Act (PWDCRA), MCL 37.1101, et seq; prohibit covered entities, such as Defendant, from discriminating against qualified individuals on the basis or disability in regard to the discharge of employees and other terms, conditions, and privileges of employment, including by failing to provide reasonable accommodations to qualified employees with disabilities.

**ANSWER:** Paragraph 53 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that it violated the PWDCRA as alleged herein or in any other manner.

54.     Plaintiff suffers from spinal stenosis which is a neurological musculoskeletal physical disability that substantially interferes with major life activities "walking" and is a disability under the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, et seq. (PWDCRA).

**ANSWER:** Defendant denies the allegations in Paragraph 54 of the Complaint.

55.     Defendant was aware of Ruhumbika disability, she was granted a work accommodation on December 1, 2021, and on March 30, 2022, Ruhumbika

21

submitted a Disability ACCOMMODATION REQUEST BY EMPLOYEE form CS-1668, informing the defendants that she could perform the essential job duties of a shuttle driver with or without a work accommodation on dayshift in one of the many vacant shuttle driver positions.

**ANSWER:** Defendant denies the allegations in Paragraph 55 of the Complaint, except to admit that Plaintiff submitted a disability accommodation request form CS-1668 requesting a day shift on March 30, 2022.

56.    Ruhumbika was also regarded as having a physical disability as mentioned above 42 U.S.C. § 12102 (3).

**ANSWER:** Defendant denies the allegations in Paragraph 56 of the Complaint.

57.    Plaintiff's disability was a factor in Defendant's adverse employment decisions, Plaintiff was subjected to adverse employment actions as described above.

**ANSWER:** Defendant denies the allegations in Paragraph 57 of the Complaint.

58.    The defendants left the position vacant for several month looking for other employee to fill the vacant position besides Rubumbika due to her disability.

**ANSWER:** Defendant denies the allegations in Paragraph 58 of the Complaint.

4884-3319-7937.6 / 070993-1219

59.     Plaintiff experienced treatment that is different than that experienced by other similarly situated employees with respect to the terms, conditions, or benefits of her employment because of her disability.

**ANSWER:** Defendant denies the allegations in Paragraph 59 of the Complaint.

60.     Ruhumbika has been subjected to repeated and continuous discriminatory treatment based upon her disability by Defendant, its employees and agents to the point where her status as an employee has been detrimentally affected and she was refused to be reasonably accommodated by Defendant and had to seek employment elsewhere subsequently Ruhumbika was terminated by Defendant for her complaints of discrimination as state above.

**ANSWER:** Defendant denies the allegations in Paragraph 60 of the Complaint.

61.     Plaintiff is entitled to exemplary, compensatory damages of future and past wages pursuant to the PWDCRA as a result of each and every violation of the act.

**ANSWER:** Defendant denies the allegations in Paragraph 61 of the Complaint.

62.     Defendant and its agents, employees and representatives violated the PWDCRA by reason of the following acts and/or omissions:

4884-3319-7937.6 / 070993-1219

    a.    Failing to properly educate and train its employees, agents, servants, managers and supervisors, particularly with reference to the unlawfulness of discrimination in public accommodations and/or public services;

    b.    Violating the laws and Ruhumbika statutory rights to a reasonable work accommodation and by refusing to accommodate Plaintiff; and

    c.    Preventing Ruhumbika from having full and fair opportunities to her employment based upon her disability.

    d.    Defendant owed Ruhumbika as a disabled employee, a duty to adequately advise their employees to refrain from discriminating against employees with disabilities.

**ANSWER:** Defendant denies the allegations in Paragraph 62, including subparts (a)-(d), of the Complaint,

63.    As a direct and proximate result of Defendant's harassment and discrimination of Plaintiff solely on the basis that she had a disability or was perceived by Defendants on December 5, 2021, February 15, 2022 and April 22, 2022, as mentioned above to be a person with a disability,

**ANSWER:** Defendant cannot ascertain what is alleged in Paragraph 63 of the Complaint, and therefore denies the allegations therein.

64.    Plaintiff has sustained injuries including, but not limited to:

    e.    Economic damages

    f.    Wage loss;

    g.    Mental anguish;

    h.    Fright;

i.      Shock;

j.      Embarrassment;

k.      Outrage;

l.      Anxiety;

m.     Emotional distress;

n.      Loss of self-esteem; and

o.      Loss of capacity for the enjoyment of life.

**ANSWER:** Defendant denies the allegations in Paragraph 64, including subparts (a)-(o), of the Complaint.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $50,000, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

**ANSWER:** Defendant denies that Plaintiff is entitled to the relief set forth in the above WHEREFORE paragraph.

## COUNT III

### Race Discrimination and Harassment
### in Violation of The 1991 Civil Rights Act & Title VII

65.     Plaintiff hereby incorporates by reference paragraphs 1-64 as if specifically delineated herein.

**ANSWER:** Defendant restates and incorporates its answers to Paragraph 1-64 of the Complaint as if fully set forth above.

66.     At all times relevant hereto, Plaintiff was an employee, and Defendants an employer within the meaning of the Civil Rights Act of 1991 (1991 CRA), Pub L No 102-166, 105 Stat 1071 (1991), et seq., and Title VII of the Civil Rights Act of 1964 (Title VII), as amended.

**ANSWER:** Paragraph 66 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that it violated the aforementioned statutes as stated herein or in any other manner.

67.     Under said statutes, the Defendants had a duty to Plaintiff not to discriminate against her or to harass her with respect to her employment, compensation, terms, conditions or privileges of employment because of her race, or to limit, segregate or classify Plaintiff for employment in a way which deprived or tended to deprive her of employment opportunities or otherwise to adversely affect the employment status of Plaintiff because of her race.

**ANSWER:** Paragraph 67 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that it violated the aforementioned statutes as stated herein or in any other manner.

68.     Notwithstanding said duties and in willful violation thereof, the Defendants discriminated against Plaintiff, and harassed Plaintiff by subjecting her

26

to humiliation and discrimination to which other workers were not subjected, all because of her race.

**ANSWER:** Defendant denies the allegations in Paragraph 68 of the Complaint.

69.   Plaintiff was subjected to adverse employment actions as described above.

**ANSWER:** Defendant denies the allegations in Paragraph 69 of the Complaint.

70.   Plaintiff experienced treatment that is different than that experienced by other similarly situated employees with respect to the terms, conditions, or benefits of her employment because of her race.

**ANSWER:** Defendant denies the allegations in Paragraph 70 of the Complaint.

71.   There is evidence of a causal relationship between Plaintiff's membership in the protected class and the adverse employment actions she experienced.

**ANSWER:** Defendant denies the allegations in Paragraph 71 of the Complaint.

72.   Plaintiff was ultimately replaced by a Caucasian employee.

**ANSWER:** Defendant denies the allegations in Paragraph 72 of the Complaint.

73.    As a direct and proximate result of the Defendants' violations as described above, Plaintiff suffered loss of earnings, and other benefits of employment, loss of earning capacity, embarrassment and humiliation, mental and emotional distress, and expenses for medical care and treatment, all of which damages continues into the future.

**ANSWER:** Defendant denies the allegations in Paragraph 73 of the Complaint.

WHEREFORE, Ruhumbika respectfully requests judgment in her favor and against Defendant in an amount in excess of $50,000 together with costs, interest, as allowed by statute and any other relief this Honorable Court deems appropriate.

**ANSWER:** Defendant denies that Plaintiff is entitled to any of the relief set forth in the above WHEREFORE paragraph of the Complaint.

## COUNT IV

### Gender Discrimination and Harassment
### in Violation of The 1991 Civil Rights Act & Title VII

74.    Plaintiff hereby incorporates by reference paragraphs 1-73, as if specifically delineated herein.

**ANSWER:** Defendant restates and incorporates its answers to Paragraph 1-74 of the Complaint as if fully set forth above.

28

75.     At all times relevant hereto, Plaintiff was an employee, and Defendants an employer within the meaning of the Civil Rights Act of 1991 (1991 CRA), Pub L No 102-166, 1055 Stat 1071 (199l), et seq,, and Title VII of the Civil Rights Act of 1964 (Title VII), as amended.

**ANSWER:** Paragraph 75 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that it violated the aforementioned statutes as stated herein or in any other manner.

76.     Under said statutes, the Defendants had a duty to Plaintiff not to discriminate against her or to harass her with respect to her employment, compensation, terms, conditions or privileges of employment because of her gender, or to limit, segregate or classify Plaintiff for employment in a way which deprived or tended to deprive her of employment opportunities or otherwise to adversely affect the employment status of Plaintiff because of her gender.

**ANSWER:** Paragraph 76 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that it violated the aforementioned statutes as stated herein or in any other manner.

77.     Notwithstanding said duties and in willful violation thereof, the Defendants discriminated against Ruhumbika, and harassed Ruhumbika by subjecting her to humiliation and discrimination to which other workers were not subjected, all because of her gender.

**ANSWER:** Defendant denies the allegations in Paragraph 77 of the Complaint.

78.     Ruhumbika was subjected to adverse employment actions as described above.

**ANSWER:** Defendant denies the allegations in Paragraph 78 of the Complaint.

79.     Ruhumbika experienced treatment that is different from that experienced by other similarly situated employees with respect to the terms, conditions, or benefits of her employment because of her gender "female".

**ANSWER:** Defendant denies the allegations in Paragraph 79 of the Complaint.

80.     There is evidence of a causal relationship between Plaintiff's membership in the protected class and the adverse employment actions she experienced.

**ANSWER:** Defendant denies the allegations in Paragraph 80 of the Complaint.

81.     Ruhumbika was ultimately denied work assignments, bidding on vacant shuttle driver positions by shift, and benefits, that the male shuttle drivers received even though she had more seniority than the men.

4884-3319-7937.6 / 070993-1219

**ANSWER:** Defendant denies the allegations in Paragraph 81 of the Complaint.

82.     As a direct and proximate result of the Defendants' violations as described above, Ruhumbika suffered loss of earnings, and other benefits of employment, loss of earning capacity, embarrassment and humiliation, mental and emotional distress, and expenses for medical care and treatment, all of which damages continues into the future.

**ANSWER:** Defendant denies the allegations in Paragraph 82 of the Complaint.

WHEREFORE, Ruhumbika respectfully requests judgment in her favor and against Defendant in an amount in excess of $50,000 together with costs, interest, as allowed by statute and any other relief this Honorable Court deems appropriate.

**ANSWER:** Defendant denies that Plaintiff is entitled to any of the relief set forth in the above WHEREFORE paragraph of the Complaint.

## COUNT V

### Violations of ELCRA 37.2202 (Race), Title VII of The Civil Rights Act of 1964 (Title VII), as amended

83.     Plaintiff hereby incorporates by reference paragraphs 1-82, as if specifically delineated herein.

**ANSWER:** Defendant restates and incorporates its answers to Paragraph 1-82 of the Complaint as if fully set forth above.

31

84.     At all times relevant hereto, Plaintiff was an employee, and Defendants an employer within the meaning of the ELCRA 37.2202 pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), as amended.

**ANSWER:** Paragraph 84 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits it employed Plaintiff.

85.     Under said statutes, the Defendants had a duty to Plaintiff not to discriminate against her or to harass her with respect to her employment, compensation, terms, conditions or privileges of employment because of her race, or to limit, segregate or classify Plaintiff for employment in a way which deprived or tended to deprive her of employment opportunities or otherwise to adversely affect the employment status of Plaintiff because of her race.

**ANSWER:** Paragraph 85 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that it violated the aforementioned statutes as stated herein or in any other manner.

86.     Notwithstanding said duties and in willful violation thereof, the Defendants discriminated against Ruhumbika, based on her race as mention above.

**ANSWER:** Defendant denies the allegations in Paragraph 86 of the Complaint.

4884-3319-7937.6 / 070993-1219

87.    Ruhumbika experienced treatment that is different from that experienced by other similarly situated Caucasian shuttle driver due to her race with respect to the terms, conditions, or benefits of her employment because of her race African American Female".

**ANSWER:** Defendant denies the allegations in Paragraph 87 of the Complaint.

88.    There is evidence of a causal relationship between Plaintiffs membership in the protected class and the adverse employment actions she experienced.

**ANSWER:** Defendant denies the allegations in Paragraph 88 of the Complaint.

89.    Ruhumbika was ultimately denied work assignments, bidding on vacant shuttle driver positions by shift, and benefits, that the Caucasian shuttle drivers received even though she was qualified to perform the essential job duties of a shuttle driver.

**ANSWER:** Defendant denies the allegations in Paragraph 89 of the Complaint.

90.    As a direct and proximate result of the Defendants' violations as described above, Ruhumbika suffered loss of earnings, and other benefits of employment, loss of earning capacity, embarrassment and humiliation, mental and

4884-3319-7937.6 / 070993-1219

emotional distress, and expenses for medical care and treatment, all of which damages continues into the future.

**ANSWER:** Defendant denies the allegations in Paragraph 90 of the Complaint.

WHEREFORE, Ruhumbika respectfully requests judgment in her favor and against Defendant in an amount in excess of $50,000 together with costs, interest, as allowed by statute and any other relief this Honorable Court deems appropriate.

**ANSWER:** Defendant denies that Plaintiff is entitled to any of the relief set forth in the above WHEREFORE paragraph.

## COUNT VI

### ELCRA 37.2202 (Gender), Pursuant to Title VII of The Civil Rights Act of 1964 (Title VII), as amended

91.    Plaintiff hereby incorporates by reference paragraphs 1-90, as if specifically delineated herein.

**ANSWER:** Defendant restates and incorporates its answers to Paragraph 1-91 of the Complaint as if fully set forth above.

92.    At all times relevant hereto, Plaintiff was an employee, and Defendants an employer within the meaning of the ELCRA 37.2202 pursuant to Title VII of the Civil Rights Act of 1964 Title VII), as amended.

34

**ANSWER:** Paragraph 92 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits First Transit, Inc. employed Plaintiff.

93.     Under said statutes, the Defendants had a duty to Plaintiff not to discriminate against her or to harass her with respect to her employment, compensation, terms, conditions or privileges of employment because of her gender, or to limit, segregate or classify Plaintiff for employment in a way which deprived or tended to deprive her of employment opportunities or otherwise to adversely affect the employment status of Plaintiff because of her gender.

**ANSWER:** Paragraph 94 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that it violated the aforementioned statutes as stated herein or in any other manner.

94.     Notwithstanding said duties and in willful violation thereof, the Defendants discriminated against Ruhumbika, based on her gender as mention above.

**ANSWER:** Defendant denies the allegations in Paragraph 94 of the Complaint.

95.     Ruhumbika experienced treatment that is different from that experienced by other similarly situated Caucasian male shuttle driver due to her race

with respect to the terms, conditions, or benefits of her employment because of her gender, Female".

**ANSWER:** Defendant denies the allegations in Paragraph 95 of the Complaint.

96.     There is evidence of a causal relationship between Plaintiff's membership in the protected class and the adverse employment actions she experienced,

**ANSWER:** Defendant denies the allegations in Paragraph 96 of the Complaint.

97.     Ruhumbika was ultimately denied work assignments, bidding on vacant shuttle driver positions by shift, and benefits, that the Caucasian male shuttle drivers received even though she was qualified to perform the essential job duties of a shuttle driver.

**ANSWER:** Defendant denies the allegations in Paragraph 97 of the Complaint.

98.     As a direct and proximate result of the Defendants' violations as described above, Ruhumbika suffered loss of earnings, and other benefits of employment, loss of earning capacity, embarrassment and humiliation, mental and emotional distress, and expenses for medical care and treatment, all of which damages continues into the future.

**ANSWER:** Defendant denies the allegations in Paragraph 98 of the Complaint.

WHEREFORE, Ruhumbika respectfully requests judgment in her favor and against Defendant in an amount in excess of $50,000 together with costs, interest, as allowed by statute and any other relief this Honorable Court deems appropriate.

**ANSWER:** Defendant denies that Plaintiff is entitled to any of the relief set forth in the above WHEREFORE paragraph.

## COUNT VII

### Title VII (Retaliation), Civil Rights Act of 1991,
### as amended, 42 U.S.C. § 1981a(b)

99.    Plaintiff incorporates by reference paragraphs 1 through 98, as if specifically delineated herein.

**ANSWER:** Defendant restates and incorporates its answers to Paragraph 1-98 of the Complaint as if fully set forth above.

100.    Defendants retaliated against Plaintiff for having complained about Defendant's discriminatory employment practices described above, in violation of Title VII.

**ANSWER:** Defendant denies the allegations in Paragraph 100 of the Complaint.

101.    Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

37

**ANSWER:** Defendant denies the allegations in Paragraph 101 of the Complaint.

102. As a direct and proximate result of the Defendants' violations as described above, Plaintiff suffered loss of earnings, and other benefits of employment, loss of earning capacity, embarrassment and humiliation, mental and emotional distress, and expenses for medical care and treatment, all of which damages continues into the future.

**ANSWER:** Defendant denies the allegations in Paragraph 102 of the Complaint.

WHEREFORE, PLAINTIFF REQUESTS that this court enter judgment against Defendants and in Plaintiff Ruhumbika favor as follows:

1. **<u>Legal relief</u>**:

   a. A judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled;

   b. Compensatory damages in whatever amount she is found to be entitled;

   c. Punitive and exemplary damages commensurate with the wrong and Defendant's ability to pay in excess of Two hundred thousand dollars $200,000 together with costs, interest, as allowed by statute and any other relief this Honorable Court deems appropriate;

   d. An award of interest, and costs;

4884-3319-7937.6 / 070993-1219

2. **Equitable relief**:

    a. An order reinstating Plaintiff to the position she would have held if there had been no discrimination and retaliation by Defendant;

    b. An injunction prohibiting any further acts of retaliation or discrimination;

    c. An award of interest, costs;

    d. Whatever other equitable relief appears appropriate at the time of trial.

**ANSWER:** Defendant denies that Plaintiff is entitled to any of the relief set forth in the above WHEREFORE paragraph including all subparts therein.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any of the allegations in the Complaint and without admitting or acknowledging that it bears any burden of proof as to any of them, Defendant asserts the following affirmative and/or special defenses to Plaintiff's Complaint. Defendant intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the equitable doctrines of unclean hands, laches, consent, waiver and/or estoppel.

4884-3319-7937.6 / 070993-1219

## THIRD DEFENSE

Any actions taken by Defendant with respect to Plaintiff, were for legitimate, non-discriminatory, and non-retaliatory reasons.

## FOURTH DEFENSE

Defendant had a policy against harassment, retaliation, and discrimination at the time of the conduct alleged by Plaintiff and Defendant enforced that policy. Defendant is not liable for any harassment, retaliation, discrimination, or other wrongful conduct by one employee against another, under a theory of *respondeat superior* or otherwise, where such conduct violated Defendant's policy and Plaintiff did not report the conduct to Defendant so that it could investigate the conduct, enforce the policy, and protect Plaintiff against any future alleged harassment, discrimination, or retaliation.

## FIFTH DEFENSE

Defendant took reasonable steps to comply with anti-discrimination, anti-harassment, and anti-retaliation laws and any acts in violation of the statutes were in contravention of Defendant's good faith efforts to comply.

## SIXTH DEFENSE

Plaintiff's claims for damages are barred to the extent that she has failed to make reasonable efforts to mitigate her damages, if any.

4884-3319-7937.6 / 070993-1219

## SEVENTH DEFENSE

To the extent, if any, that Defendant is found to have violated any of the statutes named within Plaintiff's Complaint (which Defendant denies), said violation was not willful.

## EIGHTH DEFENSE

Plaintiff is not entitled to exemplary damages because neither Defendant, nor any of its respective officers, directors, managers, or agents, committed, authorized, or ratified any act(s) with respect to Plaintiff in bad faith, willfully, or believing that such act(s) violated any state law.

## NINTH DEFENSE

Plaintiff's claims are barred to the extent she failed to file within the appropriate statute of limitations.

## TENTH DEFENSE

Defendant relies on all other defenses afforded to it under the statutes identified in Plaintiff's Complaint.

## RESERVATION OF RIGHT

Defendant reserves the right to file, upon completion of its investigation and discovery, such amended answers and defense as may be appropriate.

4884-3319-7937.6 / 070993-1219

Defendant First Transit, Inc. asks that Plaintiff's Complaint be dismissed in its entirety and that a judgment of no cause for action be entered in favor of Defendant together with costs and attorney fees.

Dated: July 26, 2023

/s/ *Jaclyn R. Giffen*
Jaclyn R. Giffen (P75316)
jgiffen@littler.com

LITTLER MENDELSON, P.C.
200 Renaissance Center, Suite 3110
Detroit, Michigan 48243
Telephone: 313.446.6400
Facsimile:  313.446.6405

Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on July 26, 2023, via:

| | | | |
|---|---|---|---|
| X | U. S. Mail | _____ | Facsimile |
| X | ECF Filing | _____ | Hand Delivery |
| _____ | E-Mail | _____ | Federal Express |

/s/ *Jaclyn R. Giffen*
Jaclyn R. Giffen

4884-3319-7937.6 / 070993-1219